1  JAMES DAL BON
   CA BAR #157942
2  DAL BON AND WANG
   12 SOUTH FIRST STREET #613
   SAN JOSE, CA 95113
3  TEL (408) 292-1040
   FAX (408) 292-1045
4
   ATTORNEY FOR PLAINTIFFS
5

6

7              UNITED STATES DISTRICT COURT

8                         FOR THE

9              NORTHERN DISTRICT OF CALIFORNIA

10 AUGUSTIN MARTINEZ, JULIO JIMENEZ,  ) CASE NO:  C07-02710 PVT
                                      )
11 GUADALUPE SOTO, AND ANGEL          ) AMENDED COMPLAINT FOR DAMAGES
                                      ) AND DEMAND FOR JURY TRIAL:
12 LOMELI,                            )    1) VIOLATION OF CALIFORNIA
                                      )       LABOR CODE SECTION 510;
13           PLAINTIFFS,              )    2) VIOLATIONS OF THE FEDERAL
                                      )       FAIR LABOR STANDARDS ACT;
14      VS.                           )    3) VIOLATION OF CALIFORNIA
                                      )       BUSINESS AND PROFESSIONS
15 AC LUMBER, SURINDER CHAWLA AND     )       CODE SECTION 17200; AND
                                      )    4) VIOLATION OF CALIFORNIA
16 AMAR S. CHAWLA, AND DOES 1-10      )       LABOR CODE SECTION 201.
                                      )
17           DEFENDANTS               )

18                      **NATURE OF CASE**

19  1. This is an action on behalf of AUGUSTIN MARTINEZ, JULIO JIMENEZ,

20     GUADALUPE SOTO, AND ANGEL LOMELI employed on an hourly basis by AC

21     LUMBER during the last four years prior to the filing of this Complaint, seeking

22     damages arising from employer's failure to pay overtime as required by the Fair Labor

23     Standards Act and the California Wage Orders and statutes. Plaintiffs seeks

24     compensatory damages for unpaid wages under California Labor Code and Wage Orders,

25

liquidated damages under 29 U.S.C. §216(b), waiting time penalties under California Labor Code § 203, and attorney's fees, costs, pre judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b), and restitution under California Unfair Trade Practices Act under California Business and Professions Code § 17203.

## SUBJECT MATTER JURISDICTION AND VENUE

2. This Court is a proper venue, since all events giving rise to this lawsuit have occurred in this district.

3. Subject matter jurisdiction of this action of this Court is based upon Fair Labor Standards Act, 29 U.S.C. §§201 et. seq. and the pendant jurisdiction of this Court.

## PARTIES

4. At all times relevant herein, Plaintiffs AUGUSTIN MARTINEZ, JULIO JIMENEZ, GUADALUPE SOTO, AND ANGEL LOMELI are individuals resident of Santa Clara County, California.

5. At all times relevant herein, Defendants SURINDER CHAWLA and AMAR S. CHAWLA are individuals resident of Santa Clara County, California.

6. At all times relevant herein, Defendant AC LUMBER is a corporation registered in the State of California.

7. Individual Defendants DOES 1-10, at all times relevant herein, are, according to information and belief, officers, owners, or employees of AC LUMBER, having control over the Plaintiffs' work condition and work situation.

## GENERAL ALLEGATIONS

8. At all times relevant herein, Plaintiffs were employees of defendant AC LUMBER, a fence, deck and patio contracting company located in Santa Clara County, California.

9. Plaintiffs were according to information and belief, employees of Defendants acting in the normal course and scope of employment duties with Defendants.

10. During the course of Plaintiffs' employment with AC LUMBER, Plaintiffs regularly worked in excess of 8 hours per day and more than 40 hours per week.

11. Plaintiffs were paid on an hourly basis.

12. Plaintiffs did not perform "exempt" duties in their positions with AC LUMBER and thus were not subject to any exemption under the Fair Labor Standards Act, *29 CFR 541.112, 541.209 and 541.209*. The Plaintiffs were not even marginally responsible for management or administrative functions, and their primary work did not require them to exercise independent discretion and judgment or regularly require invention or imagination in a recognized field of artistic endeavor more than fifty percent of their working time.

13. At no time during the Plaintiffs' employment did Plaintiffs maintain any professional license with the state or practice any recognized profession, nor did Plaintiffs exclusively manage any division of AC LUMBER where they customarily and regularly exercised discretionary powers or perform services of management. Plaintiffs did not directly supervise any employees nor did they participate in the development of general administrative policies of AC LUMBER.

14. Individual defendants Does 1 through 10, SURINDER CHAWLA, and AMAR S. CHAWLA inclusive, are liable for the acts of AC LUMBER as the alter egos of AC LUMBER Recognition of the privilege of separate existence would promote injustice because these individual defendants have in bad faith dominated and controlled AC LUMBER Plaintiffs is informed and believes, and thereon al1eges, that Defendants Does 1 through 10, SURINDER CHAWLA, and AMAR S. CHAWLA inclusive, have:

    a. Commingled funds and other assets of AC LUMBER and their funds and other assets for their own convenience and to assist in evading the payment of obligations;

b.   Diverted funds and other assets of AC LUMBER to other than corporate uses;

c.   Treated the assets of the AC LUMBER as their own;

d.   Failed to obtain authority to issue shares or to subscribe to issue shares of AC LUMBER;

e.   Failed to maintain minutes or adequate corporate records of AC LUMBER;

f.   Failed to adequately capitalize or provide any assets to AC LUMBER; and

g.   Diverted assets from AC LUMBER to themselves to the detriment of creditors, including Plaintiffs and other hourly employees.

### COUNT ONE: VIOLATION OF CA LABOR CODE SECTION §510

### FAILURE TO PROPERLY PAY OVERTIME WAGES

15. Plaintiffs re-allege and incorporate paragraphs 1-14 as if fully stated herein.

16. California Labor Code Section 501, applicable at all times relevant herein to Plaintiffs' employment by Defendants, provides that all employees are entitled to payment at the rate of time and one half for hours in excess of 8 in one day, or 40 hours in one week, and double time for hours in excess of 12 in one day.

17. During the course of employment with Defendants, Plaintiffs regularly worked in excess of 8 hours a day and 40 hours per week, however Defendant's knowingly and willingly failed to pay Plaintiffs overtime wages as required by law.

18. California Labor Code Section 1194 provides that it is unlawful for employers not to make the required overtime payments identified in the preceding paragraph and that employees not paid such payments can recover any monies owed by civil action.

19. Defendants therefore owe Plaintiffs approximately in the amount of $6000 to Mr. Lomeli, $15,500 to Mr. Martinez, $7000 to Mr. Jimenez, and $1,800 to Mr. Soto, representing overtime wages not properly paid to Plaintiffs.

20. Defendants have failed and refused and continue to fail and refuse to pay Plaintiffs the amount owed.

21. Defendants' failure to pay Plaintiffs the required sum violates the provisions of Labor Code Sections 510 and 1194 and is therefore unlawful.

22. Pursuant to Labor Code Section 1194(a), Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

### COUNT TWO: VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PROPERLY PAY OVERTIME WAGES

23. Plaintiffs re-allege and incorporate paragraphs 1-22 as if fully stated herein.

24. At all relevant times herein, Plaintiffs' employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, et seq. and Plaintiffs were individual employees covered by virtue of Plaintiffs' direct engagement in interstate commerce.

25. The FLSA, 29 U.S.C. § 207 requires all employees to be paid overtime for work performed in excess of forty hours per week, unless specifically exempted by the law.

26. Although Plaintiffs were not so exempt during their employment with AC LUMBER, defendants knowingly caused and permitted Plaintiffs to regularly work in excess of forty hours per week without paying Plaintiffs one and one half of Plaintiffs' regular rate of pay.

27. By not paying overtime wages in compliance with the FLSA, defendants violated Plaintiffs' rights under the FLSA.

28. As a direct and proximate result of defendants' failure to pay proper wages under the FLSA, Plaintiffs incurred general damages in the form of lost overtime wages.

29. Defendants intentionally, with reckless disregard for their responsibilities under the FLSA, and without good cause, failed to pay Plaintiffs proper wages, and thus defendants

are liable to Plaintiffs for liquidated damages in an amount equal to lost overtime wages, pursuant to 29 U.S.C. § 216(b) of the FLSA.

30. Defendants therefore owe Plaintiffs approximately $6000 to Mr. Lomeli, $15,500 to Mr. Martinez, $7000 to Mr. Jimenez, and $1,800 to Mr. Soto, representing the amount of overtime not properly paid to Plaintiffs.

31. Plaintiffs were required to retain legal assistance in order to bring this action and, as such, are entitled to an award of reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COUNT THREE: VIOLAITON OF CA LABOR CODE SECTION 201
## FAILURE TO PAY WAGES DUE AND "WAITING TIME" PENALTIES

32. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-31 as if fully stated herein.

33. At the time Plaintiffs' employment with AC LUMBER was terminated, defendant's owed Plaintiffs certain unpaid overtime wages in approximate amounts previously alleged.

34. Failure to pay wages owed at an employee's termination as required by Labor Code §201 subjects the employer the payment of a penalty equaling up to 30 days wages, as provided for in Labor Code § 203.

35. As of this date, Defendants have failed and refused, and continue to fail and refuse, to pay the amount due, thus making defendants liable to Plaintiffs for penalties equal to thirty (30) days wages, an amount totaling approximately $1,800 to Mr. Soto, $4,800 to Mr. Lomeli,, $3,360 to Mr. Jimenez, and $3,240 to Mr. Martinez.

36. Pursuant to Labor Code Section 218.5, Plaintiffs requests that the court award Plaintiffs reasonable attorney's fees and costs incurred in this action.

37. Pursuant to Labor Code Section 218.6, Plaintiffs requests that the court award interest on all due and unpaid wages, at the legal rate specified by Civil Code Section 3289(b), accruing from the date the wages were due and payable.

## COUNT FOUR: VIOLATION OF CA BUSINESS AND PROFESSIONS CODE SECTION 17200 UNFAIR BUSINESS PRACTICES

38. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-37 as if fully stated herein.

39. At all times relevant herein, Plaintiffs' employment with AC LUMBER was subject to the California Labor Code and applicable Wage Orders promulgated by the California Industrial Welfare Commission, which requires all employees to be paid overtime for work performed in excess of forty hours per week or eight hours per day, unless specifically exempted by law.

40. At all times relevant herein, as the employer of Plaintiffs, defendants were subject to the California Unfair Trade Practices Act (California Business and Professions Code § §17000 et seq.), but failed to pay Plaintiffs overtime pay as required by applicable California Labor Code and applicable Wage Orders.

41. During the period Plaintiffs were employed with AC LUMBER, defendants failed to pay Plaintiffs legally required overtime pay to which they were legally entitled, with defendants keeping to themselves the amount which should have been paid to Plaintiffs.

42. In doing so, defendants violated California Unfair Trade Practices Act, Business and Professions Code §17200, et seq. by committing acts prohibited by applicable California Labor Code provisions, California Wage Orders, and the FLSA, thus giving them a competitive advantage over other employers and businesses with whom defendants were in competition and who were in compliance with the law.

43. As a direct and proximate result of defendants' violations and failure to pay the required overtime pay, the Plaintiffs' rights under the law were violated and the Plaintiffs incurred general damages in the form of unpaid wages in an approximate amount at or above $6000 to Mr. Lomeli, $15,500 to Mr. Martinez, $7000 to Mr. Jimenez, and $1,800 to Mr. Soto.

44. Defendants had been aware of the existence and requirements of the Unfair Trade Practices Act and the requirements of State and Federal wage and hour laws, but willfully, knowingly, and intentionally failed to pay Plaintiffs overtime pay due.

45. Plaintiffs, having been illegally deprived of the overtime pay to which they were legally entitled, herein seek restitution of such wages pursuant to the Business and Professions Code §17203 in the approximate amount of $6000 to Mr. Lomeli, $15,500 to Mr. Martinez and $1,800 to Mr. Soto.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for the following relief:

46. For compensatory damages per CA Labor Code §1194 for unpaid overtime wages in the amount of approximately $6000 to Mr. Lomeli, $15,500 to Mr. Martinez, $7000 to Mr. Jimenez, and $1,800 to Mr. Soto;

47. For liquidated damages per the FLSA equal to unpaid overtime wages in the amount of approximately $6000 to Mr. Lomeli, $15,500 to Mr. Martinez, $7000 to Mr. Jimenez, and $1,800 to Mr. Soto;

48. For restitution of unpaid overtime pay pursuant to California Business and Professions Code §17203 in the amount of approximately $6000 to Mr. Lomeli, $15,500 to Mr. Martinez, $7000 to Mr. Jimenez, and $1,800 to Mr. Soto;

49. For waiting time penalty damages of thirty days wages to Plaintiffs, pursuant to California Labor Code § 203 in the amount of approximately $1,800 to Mr. Soto, $4,800 to Mr. Lomeli, $3,360 to Mr. Jimenez, and $3,240 to Mr. Martinez;

50. For pre-judgment interest of 10% on the unpaid overtime compensation and unpaid salaries pursuant to California Labor Code §1194(a) in the approximate amount of $10,916.00;

51. Plaintiffs asks the court to award reasonable attorney's fees pursuant to California Labor Code §1194(a) and 29 U.S.C. §216(b) of the FLSA;

52. For costs of suit herein; and

53. For such other and further relief as the Court may deem appropriate.

Dated this Monday, June 11, 2007

s/jdb
JAMES DAL BON
DAL BON AND WANG
12 South First Street #613
San Jose, CA 95113

1   JAMES DAL BON
    CA BAR #157942
2   DAL BON AND WANG
    12 SOUTH FIRST STREET #613
3   SAN JOSE, CA 95113
    ATTORNEY FOR PLAINTIFFS
4   TEL (408) 292-1040
    FAX (408) 292-1045

5
                        UNITED STATES DISTRICT COURT
6
                                    FOR THE
7
                        NORTHERN DISTRICT OF CALIFORNIA
8

9                                          )   CASE NO: C07-02710 PVT
    AUGUSTIN MARTINEZ, JULIO JIMENEZ,      )
10                                         )
    GUADALUPE SOTO, AND ANGEL              )   DEMAND FOR JURY TRIAL
11                                         )
    LOMELI,                                )
12                                         )
                    PLAINTIFFS,            )
13                                         )
            VS.                            )
14                                         )
    AC LUMBER, SURINDER CHAWLA AND         )
15                                         )
    AMAR S. CHAWLA, AND DOES 1-10          )
16                                         )
                    DEFENDANTS             )
17

18  Plaintiffs demand a jury trial.

    Dated this Monday, June 11, 2007
19

20

21                                                 s/jdb

22

23                                         JAMES DAL BON
                                           DAL BON AND WANG
24                                         12 South First Street #613
                                           San Jose, CA 95113
25